UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re: <br><br> SPECTRUM HEALTH CARE LLC, ET AL[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 12-22206 (ASD) <br> ) <br> ) (Jointly Administered) <br> ) |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. § 365(D)(4) FURTHER EXTENDING THE TIME TO ASSUME OR REJECT THEIR UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY**

Spectrum Health Care, LLC ("Spectrum"), Spectrum Healthcare Torrington, LLC ("Torrington"), Spectrum Healthcare Derby, LLC ("Derby"), Spectrum Healthcare Hartford, LLC ("Hartford"), Spectrum Healthcare Winsted, LLC ("Winsted") and Spectrum Healthcare Manchester, LLC ("Manchester") (collectively, the "Debtors"), by their undersigned counsel, hereby move this Court for entry of an order, pursuant to 11 U.S.C. § 365(d)(4) further extending the time within which the Debtors must move to assume or reject their unexpired leases of nonresidential real property (the "Motion"). In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(3). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested herein is Section 365(d)(4) of the Bankruptcy Code.

---

[1] Spectrum Health Care, LLC, Case No. 12-22206; Spectrum Healthcare Torrington, LLC, Case No. 12-22212; Spectrum Healthcare Derby LLC, Case No. 12-22208; Spectrum Healthcare Waterbridge LLC, Case No. 12-22207; Spectrum Healthcare Hartford, LLC, Case No. 12-22210; Spectrum Healthcare Winsted, LLC, Case No. 12-22211; and Spectrum Healthcare Manchester LLC, Case No. 12-22209.

3. The Debtors have obtained a series of orders from this Court, which ultimately have or will extend the deadline by which the Debtors must assume or reject their non-residential leases of real property defined below, through and including April 8, 2013.

4. The Debtors seek a further extension of the time period in which the Debtors must assume or reject non-residential leases of real property on Schedule A for an additional 60 days to June 7, 2013. The Debtors have or will obtain the landlords' consent to the requested extension prior to the hearing on the Motion.

## BACKGROUND

5. The Debtors filed voluntary petitions on September 10, 2012 (the "Petition Date") seeking relief afforded by Chapter 11 of Title 11, United States Bankruptcy Code §101 *et seq.* in the United States Bankruptcy Court for the District of Connecticut (the "Bankruptcy Court").

6. A committee of unsecured creditors (the "Committee") has been appointed in these Chapter 11 cases and Zeisler & Zeisler, PC has been approved by the Court as counsel to the Committee.

## THE DEBTORS' UNEXPIRED LEASES

7. The Debtors do not own any of the locations where they operate out of and they lease seven different premises. Annexed hereto as Exhibit A is a schedule for each of the leases (the "Leases") reflecting the following information:

    a. Location of Premises

    b. Name of Landlord; and

    c. Name of Tenant.

8. The landlords for Waterbridge, Torrington, Hartford, Winsted and Spectrum are non-related third parties. The entities which own the property on which Derby and Manchester are located on have common ownership.

## RELIEF REQUESTED

9. Pursuant to Section 365(d)(4) of the Bankruptcy Code, the 120-day period during which the Debtor must assume or reject the Leases expired on January 8, 2013. The Debtors sought and obtained entry of orders extending their time to assume or reject the leases for 90 days, through and including April 8, 2013, without prejudice to the Debtors' right to seek further extensions of such deadline upon the consent of each landlord. By this Motion, on the basis set forth below, the Debtors seek entry of an order extending their time to assume or reject the Leases for 60 days (the "Extension Period") through and including June 7, 2013.

10. It is respectfully asserted that the relief requested herein is in the best interest of the Debtors, their estates, and the creditors and that the landlords will not be prejudiced by said relief.

## BASIS FOR RELIEF

11. The general purpose of Section 365 of the Bankruptcy Code "is to assist in the debtor's reorganization effort." In re West-view 74th St. Drug Corp., 59 B.R. 747, 754 (Bankr. S.D.N.Y. 1986).

12. Section 365(d)(4) of the Bankruptcy Code provides, in pertinent part:

(A) Subject to subparagraph (B), an unexpired lease of non-residential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that non-residential real property the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of:

    (i) the date that is 120 days after the date of the order for relief; or
    (ii) the date of the entry of an order confirming the plan.

(B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause; or

3

        (ii)    if the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent in each instance.

11 U.S.C. § 365(D)(4)

13.    Accordingly, Section 365(d)(4) provides that the Court can, for cause, order a 90-day extension of the period during which a debtor must assume or reject a lease of non-residential real property. "Section 365(d)(4) sets a deadline for the assumption of a lease in order to limit the period during which a lessor may be kept in 'limbo', with a lease that has not been assumed or rejects. See In re M. Fine Lumber Co., Inc., Case No. 07-43529 (CEC) (Bankr. E.D.N.Y. Mar. 12, 2008).

14.    Although the Bankruptcy Code does not define "cause", the Second Circuit has articulated a non-exhaustive list of factors relevant to determining whether cause exists to extend the period during which a debtor must assume or reject a lease of non-residential real property. In re Burger Boys, Inc., 94 F.3d 755 (2d Cir. 1996). The Burger Boys factors are: "(1) whether the debtor was 'paying for the use of the property'; (2) whether 'the debtor's continued occupation could damage the lessor beyond the compensation available under the Bankruptcy Code'; (3) whether the lease is the debtor's primary asset; and (4) whether the debtor has had sufficient time to formulate a plan of reorganization." In re Burger Boys, Inc., 94 F.3d 755, 760-61 (2d cir. 1996), Theatre Holding Corp. v. Mauro, 681 F.2d 102, 105-06 (2d Cir. 1982). See also In re Channel Home Ctrs., Inc., 989 F.2d 682 (3rd Cir. 1993) cert. denied, 510 U.S. 865 (1993) ("Nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan or reorganization that it is attempting to develop."); In re Sixth Ave. Corp., 191 B.R. 295, 298, (Bankr. S.D.N.Y. 1996) ("The Bankruptcy Court may extend the

4

sixty day period if the debtor makes a timely motion and established 'cause'".); In re Unit of Portions of Del., Inc., 53 B.R. 83, 85 (Bankr. E.D.N.Y. 1985) ("Congress recognized that there may be times when it is not possible for the trustee to make a careful and informed assessment of the benefits and burdens of the lease within this 60-day period. Accordingly, it empowered the court to grant a trustee who demonstrates cause for an extension of additional time to make this assessment.") In re Calpine Corp., Case No. 05-6022 (BRL) (Bankr. S.D.N.Y. Apr. 11, 2006) (granting 90-day extension pursuant to Section 365(d)(4) of the Bankruptcy Code); In re Refco, Inc., et al., Case No. 05-20006 (RDD) (Bankr. S.D.N.Y. Jan 18, 2006) (90-day extension granted).

15. Applying the Burger Boys factors to the instant matter, it is clear that cause exists to extend the period within which the Debtors may assume or reject the Leases.

A. **The Debtors are Paying its Bills as they Come Due.**

16. First, the relief requested herein will not prejudice the landlords because the Debtors are current with their rental obligations under the Leases as modified post-petition and intend to continue to remain current.

17. The Debtors respectfully contend that they have established cause under the first Burger Boys factor.

B. **The Landlords Will Not Be Harmed by the Debtors' Continued Tenancy**

18. Second, there is no valid reason why the relief the Debtors request could or would damage the landlords beyond the compensation that is available to the landlord under the Bankruptcy Code. See, generally, 11 U.S.C. §§ 365(b)(1) and 502(b)(6). Here the landlords of Derby, Manchester, Hartford, Torrington and Winsted consent to this Motion. Even if the remaining landlords may claim to be inconvenienced by any extension, this Court may grant the

extension where the negative effect is de minimis. Here any negative effect is de minimis as a subsequent extension may not be granted without their prior written consent. See 11 U.S.C. § 365(d)(4)(B)(ii). Moreover, these landlords do not suffer any greater inconvenience than any other landlord who deals with a Chapter 11 tenant. See In re Service Merchandise Co. Inc., 256 B.R. 744, 749 (Banks. M.D. Tenn. 2000) (finding that the process of assumption or rejection takes time and the resulting prejudice to the landlord did not outweigh the debtors' need for additional time). If anything, the landlords will be in a better position if the requested relief is granted than if it is denied, because it will give the Debtors the opportunity to come up with a plan.

19. Further, as indicated above, the Debtors intend to remain current on their post-petition rent obligations under the Leases (as modified post-petition) in accordance with Section 365(d)(3) of the Bankruptcy Code. Accordingly, it is submitted that the landlords enjoy a preferred and relatively low-risk position. Thus, there should be no harm to the landlords should the Court grant the relief requested herein.

20. The Debtors respectfully contend that they have established cause under the second Burger Boys factor.

C. **The Leases are Primary Assets**

21. Third, the Leases are one of the most important assets of these estates and is absolutely essential for a successful reorganization. See In re Service Merchandise Co., Inc., 256 B.R. 744, 749 (Bankr. M.D. Tenn. 2000) (finding "cause" where a lease is an absolutely essential asset of the estate and stating that it would not be in the estate's best interest to require a debtor to make a decision on assumption before a clear Chapter 11 exit strategy is fully developed).

6

22. Here, the leases for the nursing homes and their sole locations and without theses leases the nursing homes could not operate. For Spectrum, its office lease is needed because that is where substantially all management decisions are made and administrative functions are processed.

23. Since a decision to assume the leases are integral to the continued operation of the Debtors' businesses and a successful reorganization in these cases, the Debtors have taken a number of good faith steps to ensure that they will be in a position to do so by the 210th day of their cases. To wit, the Debtors have had negotiations for funding by a DIP lender, the Debtors have adequately protected their secured creditors for their use of cash collateral, and the Debtors have instituted negotiations to formulate a plan.

24. Additionally, since the leases are primary assets and are necessary for the continuation of the Debtors' businesses, the Debtors should be granted the relief requested herein in order that they will have the financial wherewithal to assume their leases. See In re THW Enterprises, Inc., 89 B.R. 351 (Bankr. S.D.N.Y. 1988) (debtor granted 90-day extension in order to show improvement in its financial condition so that it could assume its lease). Although the Debtors' financial condition has improved since their filings, the Debtors believe that their financial condition will improve even more in the coming months and put them in a position to cure the arrears on the leases through a plan of reorganization.

25. The Debtors believe they require additional time in order to satisfy the requirements of Section 365(b)(1)(A) of the Bankruptcy Code on assumption and pay the arrears. The Debtors' proceedings are complex, and if the Debtors are forced to prematurely assume the leases, the impact on their case could be significant. A premature assumption would elevate the arrears and the rental obligations under the leases to administrative claims. In the event the cases

are thereafter converted to a Chapter 7 case, where the Trustee then rejects the leases, the landlords claims arising from rejection of the leases has the potential to seriously dilute any distribution to creditors of lesser priority ("Unsecured Creditors"). The interests of the Unsecured Creditors herein dictates that the Debtors be afforded an additional 90 days to exercise their option to assume the leases without prejudice to the rights of the landlords or any other party with a superior possessory interest to earlier move for whatever relief it deems appropriate.

26. Clearly bankruptcy courts adhere to a policy of permitting debtors to use the 90-day extension period to improve their chances of being able to successfully assume their leases. The Debtors respectfully contend that this is consistent with the Bankruptcy Code's overall policy of rehabilitation. The Debtors further respectfully contend that they have established cause under the third Burger Boys factor.

### D. The Debtors Have Not Had Sufficient Time to Confirm a Plan of Reorganization

27. On May 18, 2013, Spectrum, Torrington, Derby, Hartford and Manchester filed a Second Amended Joint Plan of Reorganization (the "Plan") and a Second Amended Disclosure Statement for the Plan (the "Disclosure Statement"). Also on March 18, 2013, an order entered approving the Disclosure Statement. A hearing to consider confirmation of the Plan is scheduled for May 1, 2013 at 10:00 a.m. Although, Winsted is not part of the Plan and will be converted to a chapter 7, because Winsted is part of the Master Lease with NHP which also covers Hartford and Torrington, it is necessary to further extend the time to assume or reject as to Winsted until the existing Master Lease is replaced with a New lease pursuant to the NHP Settlement Agreement. The ultimate assumption of the Spectrum, Derby and Manchester leases and the

8

replacement of the existing Master Lease and New Lease are critical to the Debtors' ability to confirm a plan and reorganize.

28. Courts in this Circuit have routinely granted similar relief since the effective date of BABCPA. See In re Calpine Corp., Case No. 05-60200 (BRL) (Banker. S.D.N.Y. Apr. 11, 2006) (granting 90-day extension pursuant to Section 365(d)(4) of the Bankruptcy Code); In re Revco, Inc., et al., Case No. 05-60006 (RDD) (Banker. S.D.N.Y. Jan. 18, 2006) (90-day extension granted); In re M. Fine Lumber Co., Inc., Case No. 07-43529 (CEC) (Banker. E.D.N.Y. Oct. 24, 2008) (granting 90-day extension).

29. In sum, the proposed extension of the current deadline by 60 days is necessary to the Debtors' reorganization efforts, appropriate under the circumstances, and in the best interests of the Debtors, their estates, and other parties-in-interest, and should be granted.

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request that the Court grant the motion in all respects and grants the Debtors such other and further relief as it deems just and proper.

Dated: March 27, 2013

          PULLMAN & COMLEY, LLC

          By: /s/ Elizabeth J. Austin
          Elizabeth Austin (CT# 04384)
          Jessica Grossarth (CT# 23975)
          850 Main Street
          Bridgeport, CT 06601
          Telephone: 203-330-2000
          Facsimile: 203-576-8888
          eaustin@pullcom.com
          jgrossarth@pullcom.com
          *Counsel for Debtors*

## Summary of Leases

| Tenant | Landlord | Location of Premises |
|---|---|---|
| Spectrum Health Care, LLC | The Rashid Hamid Family, LLP | 27 Naek Road Vernon, CT 06066 |
| Spectrum Healthcare Torrington, LLC | NHP | 225 Wyoming Avenue Torrington, CT 06790 |
| Spectrum Healthcare Hartford, LLC | NHP | 5 Greenwood Street Hartford, CT 06106 |
| Spectrum Healthcare Winsted, LLC | NHP | 108 East Lake Street Winsted, CT 06098 |
| Spectrum Healthcare Manchester, LLC | Spectrum Healthcare Manchester Realty, LLC | 565 Vernon Street Manchester, CT 06042 |
| Spectrum Healthcare Derby, LLC | Spectrum Healthcare Derby Realty, LLC | 210 Chatfield Street Derby, CT 06418 |

ACTIVE/75202.1/JXG/3950462v1

# Routing Sheet
## Place in Front of Hardcopy Document and then Scan or Fax
Untitled



## Distribution
e-Mail:
 Fparente@pullcom.com

Filing:

Print:

## AccuRoute™
*Intelligent* Document Routing

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re:<br><br>SPECTRUM HEALTH CARE LLC, ET AL[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 12-22206 (ASD)<br>)<br>) (Jointly Administered)<br>)<br>) |

## ORDER FURTHER EXTENDING THE DEBTORS' TIME TO ASSUME OR REJECT THEIR LEASES OF NON-RESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE BANKRUPTCY CODE

Upon the consideration of the motion (the "Motion") of the above captioned debtors and debtors in possession (collectively, the "Debtors") for an order further extending the Debtors' time to assume or reject their leases of non-residential real property pursuant to Section 365(d)(4) of the Bankruptcy Code; and the Court having found that good and sufficient cause exists for the granting of the Motion; and it appearing that granting the relief requested in the Motion will be in the best interests of the Debtors' estates, creditors, and other parties in interest and will further the economic and efficient administration of these cases; and it further appearing that notice of the Motion is adequate and proper under the circumstances of these cases; it is hereby

**ORDERED,** that the Motion is granted to the extent set forth herein; and it is further

**ORDERED,** that the Debtors' time to assume or reject their Leases of non-residential real property for Spectrum, Torrington, Derby, Hartford, Manchester and

---

[1] Spectrum Health Care, LLC, Case No. 12-22206; Spectrum Healthcare Torrington, LLC, Case No. 12-22212; Spectrum Healthcare Derby LLC, Case No. 12-22208; Spectrum Healthcare Waterbridge LLC, Case No. 12-22207; Spectrum Healthcare Hartford, LLC, Case No. 12-22210; Spectrum Healthcare Winsted, LLC, Case No. 12-22211; and Spectrum Healthcare Manchester LLC, Case No. 12-22209.

Winsted pursuant to Section 365(d)(4), be and hereby is extended to and including June 7, 2013, and it is further

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order; and it is further

**ORDERED**, that notwithstanding anything in this order to the contrary, all matters contained in the order dated December 5, 2012 granting the Debtors' Motion for Approval of Settlement and Compromise relating to Nationwide shall prevail and control.

ACTIVE/75202.1/EA/4072354v1