**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

---------------------------------------------------------X
In re:                                            :    Chapter 11
                                                  :
SPECTRUM HEALTHCARE LLC, ET AL[1]  :    Case Nos. 12-22206 (ASD)
                                                  :
    Debtors,                                  :    Jointly Administered
                                                  :
---------------------------------------------------------X
                                                  :
OFFICIAL COMMITTEE OF                :
UNSECURED CREDITORS,              :
                                                  :
    Movant,                                  :
                                                  :
v.                                                :
                                                  :
MIDCAP FUNDING IV, LLC, MIDCAP  :
FUNDING II, LLC AND NATIONWIDE  :
HEALTH PROPERTIES, INC.,             :
                                                  :
    Respondents.                          :    April 15, 2013
---------------------------------------------------------X

**MOTION TO DETERMINE SECURED STATUS,
OBJECTIONS TO ALLOWANCE OF CLAIMS, AND MOTION TO DISGORGE
<u>POST-PETITION INTEREST, FEES AND COSTS</u>**

The Official Committee of Unsecured Creditors ("Committee"), by its undersigned counsel,

Zeisler & Zeisler, P.C., pursuant to §§ 502, 506 and 1111 of the United States Bankruptcy Code, 11

---

[1] Spectrum Health Care, LLC, Case No. 12-22206; Spectrum Healthcare Torrington, LLC, Case No. 12-22212; Spectrum Healthcare Derby LLC, Case No. 12-22208; Spectrum Healthcare Waterbridge LLC, Case No. 12-22207; Spectrum Healthcare Hartford, LLC, Case No. 12-22210; Spectrum Healthcare Winsted, LLC, Case No. 12-22211; and Spectrum Healthcare Manchester LLC, Case No. 12-22209.

U.S.C. §§ 101-1532, hereby (i) moves for the determination of the secured status of the claims held by the creditors, MidCap Funding IV, LLC ("MidCap IV"), MidCap Funding II, LLC ("MidCap II"), and Nationwide Health Properties, Inc. ("NHP"), (ii) objects to the allowance of their claims as secured claims, and (iii) moves to disgorge the post-petition interest, fees and costs they received in these bankruptcy cases. In support thereof, the Committee respectfully represents the following.

1. On September 10, 2012 (the "Petition Date"), Spectrum Healthcare, LLC, Spectrum Healthcare Torrington, LLC, Spectrum Healthcare Derby LLC, Spectrum Healthcare Waterbridge LLC, Spectrum Healthcare Hartford, LLC, Spectrum Healthcare Winsted, LLC, and Spectrum Healthcare Manchester LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code In the United States Bankruptcy Court for the District of Connecticut.

2. On the Petition Date, each of the Debtors—other than Spectrum Heathcare, LLC—owned and operated a nursing home facility in Connecticut. Spectrum Healthcare, LLC provided management functions for the other Debtors in connection with the operation of their nursing homes.

3. Spectrum Healthcare Winsted, LLC has since closed its facility and ceased operating.

4. The Debtors continue in possession of their businesses and assets as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. On September 20, 2012, the United States Trustee for the District of Connecticut

appointed the Committee.

6. The Court has jurisdiction to consider this Application pursuant to Sections 157 and 1334 of Title 28 of the United States Code. Venue is proper in this district pursuant to Sections 1408 and 1409 of Title 28 of the United States Code. This is a core proceeding pursuant to Section 157(b)(2)(A), (B), (K) and (O) of the United States Code. The statutory basis for the relief requested herein is §§ 502, 506 and 1111 of the Bankruptcy Code.

### Relief Requested

7. The Committee seeks the determination of the secured status of the claims held by MidCap IV, MidCap II, and NHP, objects to allowance of their claims as secured claims to the extent that they are under-secured or entirely unsecured, and seeks the disgorgement of post-petition interest, fees and costs paid by the Debtors, or a corresponding reduction of the allowed secured claim to account for the Debtors' payment of post-petition interest, fees and costs.

8. The Debtors each scheduled MidCap IV as holding two secured claims in the amount of $5,678,415.36 and $836,402.81, for a total of $6,514,818.17. These amounts allegedly represent the balances owed on two loans made by MidCap IV to the Debtors.

9. The Debtors each scheduled MidCap II as holding a secured claim in the amount of $10,256,331.00. This debt allegedly arose pursuant to a certain guarantee by the Debtors of any indebtedness owed to MidCap II by the non-debtor entity, Spectrum Manchester Realty, LLC.

10. NHP filed a proof of claim in each of the bankruptcy cases of Spectrum

Healthcare Torrington, LLC, Spectrum Healthcare Hartford, LLC, and Spectrum Healthcare Winsted, LLC, asserting a secured claim in the amount of $2,886,422.67.

11. MidCap IV's security interest is prior in right to MidCap II's and NHP's security interests. MidCap II's security interest is prior in right to NHP's security interest.

12. Upon information and belief, the Debtors' only substantial assets are their healthcare receivables due on account of Medicaid, Medicare and certain private pay sources. The Debtors scheduled such accounts receivables due them in the total amount of $14,863,680.37 (not including those due from related parties).

13. However, the face amount of these accounts receivables does not reflect their true value. As part of their liquidation analysis submitted with its Disclosure Statement, and as testified to by the Debtors' Chief Financial Officer, the Debtors did not attribute any value to the accounts receivable aged 150 days old or older. The newer receivables (less than 150 days old) also need to be adjusted for collectability and the cost of collection. The Debtors, as part of their liquidation analysis, and as testified to by their Chief Financial Officer, reduced the value of these accounts receivable due to the lack of collectability and the cost of collection. Accounting for these factors as part of their liquidation analysis, the Debtors reduced the then face amount of their accounts receivables of approximately $12 million to $5 million—a reduction of nearly 60%.

14. Further eroding the accounts receivables available to MidCap IV, MidCap II and NHP, the State of Connecticut Department of Social Services, ("DSS") holds certain recoupment

rights against the Debtors' Medicaid account receivable, on account of amounts due to it arising from, for example, Medicaid audits and Medicaid advances. As of the Petition Date, the Debtors owed DSS approximately $700,000 as revealed in a Medicaid audit.

15. The State of Connecticut, Department of Revenue Services, ("DRS") holds certain recoupment or setoff rights against the Debtors' Medicaid accounts receivable, on account of provider and other taxes due it by the Debtors. As of the Petition Date, based on the DRS' proofs of claim filed in the Debtors' bankruptcy cases, the Debtors owed DRS the amount of $1,355,347.75.

16. Thus, MidCap IV's claim against the Debtors appears to be under-secured. The Committee objects to the allowance of such secured claim to the extent that such claim is under-secured, and this Court should determine the secured status of such claim.

17. In the event that this Court determines MidCap IV's claim to be under-secured, then all post-petition payments should have been applied to MidCap IV's allowed secured claim and not to the payment of any post-petition interest, fees and costs pursuant to Bankruptcy Code § 506(b). MidCap's allowed secured claim should be reduced accordingly or it should be ordered to disgorge such post-petition interest, fees and costs.

18. Mid Cap II's claim appears to be entirely unsecured. The Committee objects to the allowance of such claim as secured and this Court should determine the secured status of such claim.

19. NHP's security interest is subsequent in right to MidCap IV's and MidCap II's

security interests and, therefore, appears to be entirely unsecured. Furthermore, NHP did not properly perfect its security interest in the Debtors' healthcare receivables arising from Medicaid and Medicare. Therefore, for this additional reason, the Committee objects to the allowance of NHP's claim as a secured claim.

**WHEREFORE**, the Official Committee of Unsecured Creditors respectfully requests that this Court determine the secured status of the claims held by MidCap Financial, LLC, MidCap Funding IV, LLC, and Nationwide Health Properties, Inc., sustain its objections to the allowance of their claims as secured to the extent that they are under-secured or unsecured, order the disgorgement of post-petition interest, fees and costs to the extent appropriate, and grant the Applicant such further relief as the Court deems just and proper.

Respectfully submitted this 15th day of April, 2013.

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: */s/ Stephen M. Kindseth*
Stephen M. Kindseth (ct14640)
Zeisler & Zeisler, P.C.
558 Clinton Avenue
Bridgeport, CT  06605
Tel. 203-368-4234 / Fax 203-367-9678
Email: skindseth@zeislaw.com
Its attorneys

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

---------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
SPECTRUM HEALTHCARE LLC, ET AL[1]    :    Case Nos. 12-22206 (ASD)
                                                    :
    Debtors,                               :    Jointly Administered
                                                    :
---------------------------------------------------------X
                                                    :
OFFICIAL COMMITTEE OF                    :
UNSECURED CREDITORS,                    :
                                                    :
    Movant,                                :
                                                    :
v.                                                  :
                                                    :
MIDCAP FUNDING IV, LLC, MIDCAP    :
FUNDING II, LLC AND NATIONWIDE  :
HEALTH PROPERTIES, INC.,               :
                                                    :
    Respondents.                          :
---------------------------------------------------------X

**ORDER DETERMINING SECURED STATUS, SUSTAINING**
**OBJECTIONS TO ALLOWANCE OF CLAIMS, AND DISGORGING**
**POST-PETITION INTEREST, FEES AND COSTS**

    Upon the Motion to Determine Secured Status, Objections to Allowance of Claims and

Motion to Disgorge Post-Petition Interest, Fees and Costs ("Motion") filed by the Official

---

[1] Spectrum Health Care, LLC, Case No. 12-22206; Spectrum Healthcare Torrington, LLC, Case No. 12-22212; Spectrum Healthcare Derby LLC, Case No. 12-22208; Spectrum Healthcare Waterbridge LLC, Case No. 12-22207; Spectrum Healthcare Hartford, LLC, Case No. 12-22210; Spectrum Healthcare Winsted, LLC, Case No. 12-22211; and Spectrum Healthcare Manchester LLC, Case No. 12-22209.

Committee of Unsecured Creditors ("Committee"), after proper notice and a hearing, there being due and sufficient cause to grant the relief requested, it is hereby:

ORDERED that the Motion is granted and the Committee's objections are sustained;

ORDERED that MidCap Funding IV, LLC be and hereby is allowed a secured claim in the above bankruptcy cases in the amount of $_____, and an unsecured claim in the amount of $_____;

ORDERED that the claim held by MidCap Funding II, LLC in the above bankruptcy cases be and hereby is disallowed as a secured claim allowed as an unsecured claim in it is entirety; and it is finally

ORDERED that the claim held by Nationwide Health Properties, LLC be and hereby is disallowed as a secured claim and allowed as an unsecured claim in it is entirety in the bankruptcy cases of Spectrum Healthcare Torrington, LLC, Spectrum Healthcare Hartford, LLC, and Spectrum Healthcare Winsted, LLC.